**STATE of Tennessee, ex rel., Sheila GRANT, Plaintiffs/Appellees,**

**v.**

**Dr. Lawrence Joseph PROGRAIS, Sr., Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 29, 1997.

Permission to Appeal Denied by Supreme Court Oct. 19, 1998.

John Knox Walkup, Attorney General and Reporter, Lisa Cowan, Child Support Services of Davidson County, Nashville, for Defendants/Appellees.

Charles R. Ray, Nashville, for Plaintiff/Appellant.

## *OPINION*

TODD, Presiding Judge, Middle Section.

In this paternity/child support case, the respondent, Lawrence Joseph Prograis, has appealed from non-jury a judgment of the Juvenile Judge of Davidson County awarding to the petitioner, Sheila Veleria Grant, a judgment for $120,313.00 delinquent child support.

The appellant presents two issues for review as follows:

1. The Trial Court erred in holding that the doctrine of laches does not apply to the instant case.

2. The Trial Court erred in not deviating from the child support guidelines on the basis of economic hardship.

The appellee presents the issues in the following form:

1. Awards made by the Trial Court pursuant to T.C.A. § 36–2–108 for child support prior to the order for paternity and

support are discretionary. Absent a finding of abuse of discretion, the Trial Court's award should not be disturbed.

Was the Trial Court's award of child support for the time period preceding the order of paternity and support an abuse of discretion?

## I.

### *Trial Court Proceedings*

On August 24, 1994, a "Petition to Establish Paternity and Set Support" was filed in Juvenile Court, by "Child Support Services." The caption and first sentence of the petition were:

State of Tennessee, ex rel. Wakeela A. Grant, a minor,

VS.

Dr. Lawrence Joseph Prograis, Sr.

and

Mustafa Abadal–Khallaq

Comes now the Petitioner, State of Tennessee ex rel, Sheila Veleria Grant, by and through Child Support Services for Davidson County, Tennessee pursuant to Tennessee Code Annotated (TCA) Section 36–2–101 et seq, and respectfully shows to this Honorable Court as follows:

1. That the Mother, Sheila Veleria Grant, is a resident of Davidson County, Tennessee.

2. That the Mother, Sheila Veleria Grant, and the Respondent, Dr. Lawrence Joseph Prograis, Sr., although not married to each other, had sexual intercourse on or about October, 1976, in the State of Tennessee.

3. That the Mother, Sheila Veleria Grant, and the Respondent Mustafa Abadal–Khallaq, had sexual intercourse on or about September, 1976, in the State of Tennessee.

4. That as a result of said sexual intercourse with one of the Respondents, the Mother, Sheila Veleria Grant, gave birth to the following live infant.

WAKEELA A. GRANT born on July 26, 1977

5. That the aforementioned minor child now resides with the Mother, and is a public charge of the State of Tennessee.

6. The Petitioner and/or the State of Tennessee is/are entitled to child support and a judgment for back support and all necessary expenses as provided in TCA 36–2–108(b).

The petition further alleged that the mother of the minor was Sheila Grant and the father was either the respondent, Prograis or the respondent Abadal–Khallaq; that the child was a public charge; and that "The petitioner and/or the State of Tennessee is/are entitled to back *child support* as provided by TCA § 36–2–108(b)." (Emphasis supplied)

The petition prayed "that the petitioner and/or the State of Tennessee be granted a judgment for back support" and birth expenses and that Sheila Veleria Grant be granted custody and current child support.

The petition is signed by counsel on behalf of "Child Support Services of Davidson County" the nature and identity of which is not disclosed in the petition.

Thereafter, on an illegible date, the Respondent, Lawrence J. Prograis filed an answer under the following caption:

State of Tennessee ex rel

Sheila V. Grant (Mother) and

Makeela A. Grant, a minor

397   Kingview Dr.

Nashville, Tennessee 37218

On March 20, 1995, a Juvenile Court Referee entered an order adjudging appellant to be the father of Wakeela A. Grant, born on July 26, 1977. The caption above this order lists the Petitioner as "State ex. rel. Sheila Veleria Grant," (omitting Makeela A. Grant as shown in the complaint).

The record does not disclose any proceeding authorizing this change at this stage of the proceedings.

On April 25, 1995, the Referee entered a wage assignment order for $477.10 each two weeks. The caption of this order reads as follows:

State of Tennessee

In the Matter of:

Sheila Grant

vs.

Lawrence Prograis

On June 1, 1995, the "Child Support Services of Davidson County" addressed to the Clerk of the Juvenile Court the following letter:

> This is to advise your office that the AFDC case corresponding to the above-styled case in your court has been closed by the local office of the Department of Human Services. The Family will receive their last AFDC check on 05/01/95. This correspondence will authorize you to release child support payments to the family.
>
> Your continued cooperation in the Title IV–D Child Support Program is greatly appreciated.

On June 26, 1995, the same "Child Support Services" moved the Juvenile Court to set the cause for hearing. The caption on this motion read as follows:

State of Tennessee ex rel

Sheila Veleria Grant

397 Kingview Dr

Nashville, TN 37218

   Petitioner

vs.

Dr. Lawrence Joseph Prograis

On November 22, 1995, the Referee entered an order under the same caption and reading in pertinent part as follows:

2. The birth certificate of the child, Wakeela Aminah Grant, born on July 26, 1977 shall be changed to reflect that the Respondent is the father of the child.

3. The State of Tennessee paid $210.00 for blood testing and the Respondent shall reimburse the State for that amount.

It is, therefore, ORDERED, ADJUDGED, AND DECREED that:

1. *The State of Tennessee is granted a judgment against the Respondent in the amount of $122,355.00 plus $210.00 for blood test reimbursement for a total judgment of $122,565.00 as of April 30, 1995.* Said judgment includes any credits referenced herein.

2. Beginning November 7, 1995, the Respondent shall liquidate the judgment granted herein at the rate of $2,242.00 per month (plus Clerk's fee) which shall be payable in increments of $1,034.77 (plus $51.74 as the Clerk's lawful commission) for a total of $1,086.51 per two weeks continuing until the judgment is liquidated.

6. The Clerk shall disburse arrearage payments to:

Tennessee Department of Human Services

Fiscal Services Section

Lawrence Prograis

IV–D # 3274519 01

P.O. Box 198243

Nashville, Tennessee 37219–8243

10. Any money paid by the Respondent to the petitioner, or anyone, directly, and not paid through the Clerk of the Court, will be considered a gift from the Respondent, and the Respondent will not receive any credit for said direct payments in calculating whether or not child support arrears exist, regardless of to whom the clerk is ordered to disburse payments.

On November 17, 1995, the respondent, Prograis filed a motion, pertinent portions of which were:

State of Tennessee ex rel

Sheila V. Grant (Mother) and

Makeela A. Grant, a minor

397 Kingview Drive

Nashville, Tennessee 37218

   PETITIONER

vs.

Dr. Lawrence Joseph Prograis, Sr.

and

Mustafa Abadal–Khallaq

   RESPONDENTS

### MOTION TO RECONSIDER INTERIM ORDER

Comes Lawrence Prograise (sic), through counsel, and would move this Honorable Court to reconsider it's Final Order in this case.

On November 30, 1995, substitute counsel filed the following notice:

State of Tennessee ex rel

Sheila Veleria Grant
397 Kingview Drive
Nashville, TN 37218
    Petitioner,
        Docket No.
        9419–10587
vs.
Dr. Lawrence Joseph Prograis,
Solar Building, Room 4A16
6003 Executive Boulevard
Rockville, MD 20892,
    Respondent.

## NOTICE OF APPEARANCE

Comes the undersigned, Charles R. Ray, and gives notice that he is the lead counsel of record for the Respondent in this matter.

On the same date substitute counsel filed motions to alter or amend and to set aside the judgment under the same caption.

Both motions were overruled by the Referee.

On December 13, 1995, "Child Support Services of Davidson County" addressed the following letter to the Clerk of the Juvenile Court:

Dear Sir:

Re: Notice of AFDC Case Closure
    SHEILA VELERIA GRANT
    397 Kingview Dr.
    Nashville, TN 37218
    IV–D No.: 3274519–01
    IV–A No.: 0009176951ADCR01
    vs.
    Lawrence Joseph Prograis Sr.
    Docket No.: 9419–10587
    File No.: 208142

This is to advise your office that the AFDC case corresponding to the above-styled case in your court has been closed by the local office of the Department of Human Services. The Family will receive their last AFDC check on 5/1/95. This correspondence will authorize you to release child support payments to the family any time after the month cited above.

Your continued cooperation in the Title IV–D Child Support Program is greatly appreciated.

On the same date, the respondent, Prograis, filed the following motion:

State of Tennessee ex rel
Sheila Veleria Grant
397 Kingview Drive
Nashville, TN 37218
    Petitioner,
        Docket No.
        9419–10587
vs.
Dr. Lawrence Joseph Prograis,
Solar Building, Roo 4A166
6003 Executive Boulevard
Rockville, MD 20892,
    Respondent.

## MOTION TO VACATE ORDER FOR PAYMENT OF CURRENT CHILD SUPPORT AND APPLY TOWARD ARREARAGE

Comes the Respondent, Lawrence Joseph Prograis, through undersigned counsel and respectfully moves the court to vacate the prior order for payment of current child support to Wakeela A. Grant pursuant to T.C.A. § 36–2–108(b) on the grounds that on July 26, 1995, Ms. Grant reached the age of majority. Respondent further requests that all child support paid after July 26, 1995, be applied to the amount ordered to be paid as arrearage.

On the same date and caption, the same respondent filed the following motion:

### Notice of Appeal of the Referee's Order

On December 13, 1995, Referee Robert Greene denied Respondent Lawrence Prograis Rule 59 motion to alter or amend the judgment establishing paternity and setting support. Comes now the Respondent, through undersigned counsel and respectfully requests an appeal of this matter before the judge of the Juvenile Court pursuant to T.C.A. § 37–1–107 and Rule 37 of Juvenile Court of Davidson County.

On December 18, 1995, "Child Support Services" filed the following notice:

State of Tennessee ex rel

Sheila Veleria Grant

397 Kingview Dr.

Nashville, TN 37210

Petitioner

vs.

Mustafa Abadal–Khallaq

323 Petronia Street

Apt. A

Key West, FL 33040–

Respondent

Dr. Lawrence Prograis

Solar Bldg. Room 4A16

6003 Executive Blvd.

Rockvale, MD 20892

Respondent

### Notice of Voluntary Non–Suit with Regard to the Respondent Mustafa Abdal–Khallaq

Pursuant to Rule 41–01 of the Tennessee Rules of Civil Procedure, the Petitioner by and through the Child Support Services of Davidson County, hereby gives notice that it is voluntarily dismissing this cause without prejudice with regards to the Respondent Mustafa Abadal–Khallaq.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been mailed to the Petitioner.

Sheila Grant

397 Kingview Dr.

Nashville, TN 37218

On January 18, 1996, the following letter was written:

State of Tennessee

DEPARTMENT OF HUMAN SERVICES

400 Deaderick Street

Citizens Plaza Building

Nashville, TN 37210

January 5, 1996

Sharon Zwain, Administrator

222 2nd Avenue North, Suite 210

Nashville, TN 37201

Re Sheila Grant vs. Lawrence Prograis, Sr.

IV–D # 3274519–01

Dear Ms. Zwain:

I am writing in reply to Ms. Grant's telephone inquiry to Ms. Way of my office regarding the distribution of the arrearage payments forwarded to DHS relative to the above child support case. Please be advised that our records show Sheila Grant began receiving an afdc grant on behalf of Mr. Prograis, Sr's minor child, in July 1994. Ms. Grant's afdc case was closed June 1, 1995. The afdc expenditures of $1,562.00 have been reimbursed. **Please notify the court clerk's office that future arrearage payments can be forwarded directly to Sheila Grant.**

Thank you for your assistance.

Sincerely,

(Signature)

Richard L. Paige

Fiscal Director 2

RLP:JW:vb

cc: Sheila Grant, Custodial Parent

DHS Fiscal Services, File Copy

Respondent filed other motions which were discussed and disposed of in the 7–page final order of the Juvenile Judge which is the subject of this appeal. The order, which does not reflect entry, contains the following caption and pertinent provisions:

State of Tennessee

In the Matter of:

Sheila Grant

vs

Lawrence J. Prograis          File No. 9419–10587

### ORDER

The sole issue upon which rehearing is sought is the amount of the judgment for support of the child for the period from the date of the child's birth to April 24, 1995, the date that the Referee set child support.

The petitioner asserts that the law entitles her to a judgment in an amount calcu-

lated by applying the child support guidelines to the respondent's income during the period.

Nevertheless, the petitioner states that she is only seeking an award in the amount determined by applying the guidelines to the income of the respondent for the period of 1986 through the day of the child support order. She further proposes that a significant portion of that judgment be specifically designated as an educational fund for the child.

The respondent asserts that the petition's claim is barred by the doctrine of laches and that she is not entitled to any judgment for any period preceding the entry of the child support order and perhaps should have been barred from proceeding at all. Notwithstanding this, he proposes that a judgment be awarded to the petitioner in an amount equal to what he has thus far paid under the referee's order, but that no further payments for expenses for the raising of the child prior to the date of the child support order should be required of him.

. . . .

It is the public policy of the State of Tennessee to insure that all children receive the economic support of the parents who bring them into the world. Tennessee law requires a non-custodial parent to bear the responsibility for support in an amount based upon his or her income.

. . . .

The respondent's income is in the excess of $114,000 a year.

. . . .

The Court can assure that this child get some benefit from the fact that her father's skills, intelligence and hard work have generated economic wealth that she is by law entitled to share in. The absence of her father's support resulted in the child having less as she grew up and prevented her mother from being able to provide the level of future economic security she would have been able to provide her daughter had she had the father's support. The petitioner will now be able to provide at least some of that.

The Court grants the petitioner a judgment against the respondent in the amount requested: $120,313. This is a downward departure from the child support guidelines in that it only represents respondent's child support obligation from 1986 on. The basis for departing from the guidelines is the petitioner's request that the Court do so. Payments received based on the previous order of the referee shall be applied to that arrearage. This judgment shall accrue interest at the statutory rate of 12% per annum. In keeping with the request of the petitioner to designate a portion of the payments on the judgment to specifically be used for education, four hundred dollars of each payment shall be applied to educational expenses and related living expenses of the child, for as long as the child is pursuing higher education.

On appeal, the only brief supporting the judgment of the Juvenile Court is filed by the Attorney General and Reporter on behalf of the State of Tennessee, Department of Human Services. The record reflects no interest or participation in the Trial Court by the Department of Human Services, except the letters of disclaimer quoted above.

In summary, an unidentified entity whose authority to do so is not alleged, has filed over the signature of its counsel a petition by the State "on relation of" a minor for adjudication of parentage and support, but the text of the petition states that it is brought by the mother. By a series of changes in caption, the mother became the petitioner and was substituted for the child as relator.

The final judgment directs the payment of substantial sums of money to "the petitioner" without specifying the person who is the petitioner, except by the caption which does not appear to have been authorized by the Trial Court.

## II.

### The Nature of "Child Support" and the Right to Recover Same

Parents are the joint natural guardians of their minor children and are equally and

jointly charged with their care, nurture, welfare, education, and support and also with the care management and expenditure of their estates. TCA § 34–11–102(a), formerly TCA § 34–11–101. *Smith v. Gore,* Tenn. App.1978, 728 S.W.2d 738, *Hall v. Jordan,* 1950, 190 Tenn. 1, 227 S.W.2d 35.

■ The extent of the duty to support is the duty to support in a manner commensurate with the means and station in life of the parents. *Brooks v. Brooks,* 166 Tenn. 255, 61 S.W.2d 654 (1933).

■ If a child is not receiving support from its parents, a stranger may provide it and recover reimbursement from the parents upon an implied contract.

■ If necessary, the duty of support is to be apportioned between parents in accordance with the respective abilities to provide support. *Gotwald v. Gotwald,* Tenn.App. 1988, 768 S.W.2d 689; *Allison v. Allison,* Tenn.App.1982, 638 S.W.2d 394.

■ The parent who provides support has the right to recover from the non-supporting parent just reimbursement for the amount of support supplied in excess of the apportioned share of the supporting parent. *State ex rel, Coleman v. Clay,* Tenn.1991, 805 S.W.2d 752; *Brooks v. Brooks, Supra.* The right of the supporting parent to reimbursement begins at the birth of the child and does not appear to be subject to any statute of limitation, *Coleman v. Clay, Supra.*

■ Although actions for reimbursement are usually brought in the name of the supporting parent, the proceeding is primarily and basically on behalf of the minor child. *Graham v. Graham,* 140 Tenn. 328, 204 S.W. 987 (1918).

■ A special situation is presented where the income of the non-supporting parent was sufficient to provide higher standard of living than the supporting parent was able to provide. In this situation, it would be unjust to limit the duties of the non-supporting parent to the ability of the supporting parent. It would also be unjust to reimburse the supporting parent for that which was not furnished.

Under these special circumstances, it would have been advisable to provide a guardian ad litem to protect the interests of the minor child in the retroactive award. Since the child has now reached majority, the participation of a guardian ad litem would now appear to be unnecessary.

In the present case, part of the retroactive support should be awarded to the mother to reimburse her for the support supplied by her in excess of her apportioned duty. If, because the mother was unable to support the child according to the income of the father, the child was deprived of the standard or level to which she was entitled, then the child doubtless suffered a deprivation of lasting effect for which the child should receive compensation.

If, upon remand, the court finds the situation to be as above suggested, then the award of retroactive support should be divided. First, the wife should be reimbursed for the cost of furnishing more support than she had a duty to support. The remainder of the retroactive support should be awarded to the child for whose benefit the proceeding was initiated.

■ The father insists that the right of action for retroactive child support is barred by the statute of limitations. The suit of a third party for reimbursement on the theory of implied contract might be subject to a statute of limitations, but this action, on behalf of the minor child is not barred because of the minority of the child at the time this proceeding was initiated. TCA § 28–1–106, *Arnold v. Davis,* Tenn.1973, 503 S.W.2d 100; *Whirley v. Whiteman,* 38 Tenn. 610 (1858).

■ The father also claims estoppel because of the long delay in claiming retroactive support. Mere delay in asserting a legal right does not of itself work an estoppel. *Johnson v. De Soto Hardwood Flooring Co.,* 167 Tenn. 145, 67 S.W.2d 143 (1934). To give rise to estoppel by silence or inaction, there must be not only an opportunity to speak or act, but also an obligation or duty to do so. It does not appear reasonable to impose upon a minor an obligation to speak or take action so long as he or she is under the disability of minority.

Estoppels are not favored in the law. *Sturkie v. Bottoms,* 203 Tenn. 237, 310 S.W.2d 451 (1958); *ACG Inc. v. Southeast Elevator, Inc.,* Tenn.App.1995, 912 S.W.2d 163.

### *Decision of this Court*

The judgment of the Trial Court as to the total amount of retroactive support to be paid is affirmed. However, the judgment as to the amount of retroactive support to be paid to the mother is vacated, and the cause is remanded for further proceedings to determine the fair amount to be received by the mother as reimbursement of support actually furnished by her. The remainder of the retroactive support should be awarded to the child, who is now an adult. Costs of this appeal are taxed against the appellant and his surety.

**AFFIRMED IN PART, VACATED IN PART, REMANDED.**

CANTRELL, J., and WILLIAM B. CAIN, Special Judge, concur.