# IN THE COURT OF APPEALS OF TENNESSEE
# AT KNOXVILLE
April 17, 2002 Session

## STATE OF TENNESSEE, ET AL. v. FLORENCE E. HARRELL

**Appeal from the Chancery Court for Union County**
**No. 2836     Billy Joe White, Chancellor**

**FILED MAY 31, 2002**

**No. E2001-01710-COA-R3-CV**

In this appeal from the Chancery Court for Union County the Petitioner/Appellant, the State of Tennessee *ex rel.* Thomas J. Harrell, contends that the Chancery Court erred in denying the State a judgment against the Respondent/Appellee, Florence E. Harrell, for retroactive child support and for reimbursement of AFDC benefits paid by the State on behalf of Mr. Harrell and his and Ms. Harrell's two minor children. We affirm the judgment of the Chancery Court.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Paul G. Summers and Stuart F. Wilson-Patton, Nashville, Tennessee, for the Appellant, State of Tennessee *ex rel* Thomas J. Harrell

Byron Douglas Bryant, Knoxville, Tennessee, for the Appellee, Florence E. Harrell

## OPINION

In this appeal from the Chancery Court for Union County the Petitioner/Appellant, the State of Tennessee, contends that the Trial Court erred in denying the State a judgment against the Respondent/Appellee, Florence E. Harrell, for retroactive child support and for reimbursement of AFDC benefits paid by the State on behalf of Mr. Harrell and the Harrells' two minor children.

On October 5, 1995, Mr. Harrell filed a complaint for divorce in the Chancery Court for Union County. On the same date Mr. and Ms. Harrell signed a marital dissolution agreement wherein they agreed that Mr. Harrell would have custody of the Parties' minor children - T.J.H., born February 11, 1982, and W.B.H., born March 25, 1987. The agreement also provides:

At the time of this Agreement due to the wife being unemployed the wife shall not owe to the husband any child support for the care and maintenance of said children. This does not prohibit the husband from, at a later date, requesting child support if the wife becomes gainfully employed to the extent to where she can pay child support.

On December 1, 1995, the Chancery Court entered its decree granting Mr. Harrell's request for a divorce. Such decree specifically incorporates the marital dissolution agreement and orders that Mr. Harrell have custody of the children as set forth in that agreement.

Between December of 1995 and July of 1998 the State paid Mr. Harrell $5,198.00 under the aid to families with dependent children program (AFDC).

On November 10, 1999, the State *ex rel* Thomas J. Harrell filed a petition requesting that the Court require Ms. Harrell pay current child support for T.J.H and W.B.H. and that the State be granted a judgment against Ms. Harrell for retroactive child support. Thereafter, Ms. Harrell filed her answer and counterpetition in which she denied having a duty to pay child support and noted that T.J.H. had been residing with her for the preceding eight months. She also noted that T.J.H. is permanently disabled due to severe juvenile diabetes and will never be able to live unassisted. Ms. Harrell further requested that legal custody of T.J.H. be transferred to her.

On April 14, 2000, after a hearing before the Child Support Referee for the Chancery Court, an order was filed by the Chancery Court approving the Referee's recommendation that the State be granted a judgment against Ms. Harrell in the amount of $5,198.00 for child support arrearage accruing through March 1, 2000. The order specifies that the judgment is for the AFDC benefits paid by the State for the benefit of the minor children, which, as noted above, were paid to Mr. Harrell between December, 1995 and July, 1998. The order does not impose payments upon Ms. Harrell because of her limited income and because she was taking care of T.J.H. who is disabled. An agreed order was also entered into at that time pursuant to which Mr. Harrell retained custody of W.B.H. while custody of T.J.H. was transferred to Ms. Harrell.

Ms. Harrell appealed the Referee's judgment against her to the Chancery Court. After a hearing on March 19, 2001, at which the Court reviewed evidence stipulated by the Parties, the Court entered an order setting forth its finding that "the State cannot receive a judgment for arrearages on aid paid prior to November 10, 1999." The order further approves "the present custody and support agreement between the Petitioner Thomas J. Harrell and the Respondent Florence E. Harrell, whereby each party becomes the primary residential parent for one child and neither pays child support to the other."

The State appeals the judgment of the Chancery Court and presents two issues which we restate as follows:

1. Did the Chancery Court err when it refused to grant the State a judgment for child support arrearage retroactive to a date prior to November 10, 1999, - the date the State filed its petition to set child support?

2. Is the State entitled to a judgment against Ms. Harrell for AFDC benefits paid to Mr. Harrell on behalf of himself and his and Ms. Harrell's two minor children under an implied contract?

In a non-jury case such as this one our review is *de novo* upon the record of the proceedings below. There is no presumption of correctness as to a trial court's conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26 (Tenn.1996). There is a presumption of correctness as to a trial court's findings of fact and we must honor that presumption absent evidence preponderating to the contrary. Tenn.R. App.P. 13(d) and *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993).

We first address the State's contention that the Chancery Court erred by refusing to grant it a judgment for child support arrearage retroactive to a date prior to the date of the State's November 10, 1999, petition to set child support. The State contends that the Chancery Court should have set child support retroactive to the date of Mr. and Ms. Harrell's divorce decree which was entered on December 1, 1995. Should child support be set retroactive to this date it would, of course, encompass the period between December, 1995 and July, 1998 during which time AFDC benefits in the amount of $5,198.00 were paid to Mr. Harrell. Enforcement of support rights accrued during that period were assigned to the State pursuant to T.C.A. 71-3-124(a) which states in pertinent part:

> (a)(1) Each applicant or recipient who receives or authorizes payment of public assistance pursuant to Title IV-A or IV-E of the Social Security Act shall be deemed to have assigned to the state any rights to support from any other person such applicant or recipient may have:
> (A) In the applicant's own behalf or in behalf of any other family member for which the applicant is applying for or receiving aid; and
> (B) Which have accrued at the time such assignment is executed.
> (2) Each payment shall constitute "receipt" for purposes of determining when the assignment is executed.
> (3) During the terms of such assignment, the department shall be subrogated to the rights of the child or children or the person having custody to collect and receive all child support payments.

Ms. Harrell contends that the State is requesting retroactive modification of a child support order and that such modification is limited by T.C.A. 36-5-101(a)(1)(5) which provides in pertinent part as follows:

> (5) Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and in any other state and shall be entitled

to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties.

Ms. Harrell argues that under this statute the State is expressly precluded from receiving child support payments retroactive to any time prior to November 10, 1999 - the date the State filed its petition to set support.

The State contends that that provision of the divorce decree which states that no child support will be set is void as a matter of public policy because it does not comply with the Tennessee Child Support Guidelines. The State further contends that the law in Tennessee prohibits a parent from waiving his or her minor child's right of support as Mr. and Ms. Harrell attempted to do in the marital dissolution agreement which was incorporated into their divorce decree. The State also argues that when Mr. Harrell began receiving AFDC benefits on behalf of himself and his children, their right to support was automatically assigned to the State and they could not waive such right by agreement with Ms. Harrell. The State's argument, as we understand it, is that T.C.A. 36-5-101(a)(5) addresses retroactive modification of support; however, in this case there was no valid child support order subject to modification as of November 10, 1999, when the State filed its petition and, therefore, the statute's prohibition of retroactive modification does not apply. Accordingly, the State asserts that a child support order should be entered retroactive to the date of the divorce decree. We disagree.

Under the facts in *Bjork v. Bjork*, an unreported opinion of this Court filed in Nashville on October 22, 1997, the Father was awarded temporary custody of his three minor children on February 14, 1995, pending a final custody hearing. On October 5, 1995, the Father filed a motion for temporary child support and the final custody hearing began on March 20, 1996. In July of 1996, the trial court entered an order transferring final custody to the Father and awarding him retroactive child support from March 20, 1996. On appeal we noted that a trial court has discretion to order the modification of a parent's support obligation "effective as of the date of the modification petition, the date of the final hearing, or any appropriate date in between." However, we also noted the distinction between a case which involves modification of a child support obligation and the *Bjork* case in which an order awarding child support had not yet been entered. Recognizing this distinction, we changed the order of the trial court and made the award of child support retroactive to October 10, 1995, the date the Father filed his motion for temporary child support. This change reflected our finding that, in a case where child support has not yet been established, such support should not be set retroactive to a date *subsequent* to the date of the petition to set support, but should rather be set retroactive to the date of such a petition. However, it must also be noted that, although the Father was granted custody of the children in February of 1995, our grant of child support was not retroactive to that date or any other date preceding the date he filed his motion for temporary support. Thus, our implicit determination in *Bjork* is that, even in a case where child support has not yet been set, such support should not be set retroactive to the date of the petition to set such support.

In accord with our decision in the *Bjork* case, we do not find that the Chancery Court abused its discretion by denying the State child support retroactive to a date prior to November 10, 1999- the date the State filed its petition to set support.

The State next argues that the Chancery Court should have granted it a judgment under the theory that if a parent fails to support his or her child and such support is provided by a third party, the third party is entitled to reimbursement under an implied contract. *State of Tennessee ex rel. Grant v. Progais*, 979 S.W.2d 594 (Tenn. Ct. App. 1997). However, our review of the record in the case before us does not reveal that the State asserted its rights under a theory of implied contract at any time prior to this appeal. It appearing that the issue of the State's entitlement to reimbursement under a theory of implied contract was not raised in the Chancery Court, we decline to review this issue on appeal. A party on appeal will not be permitted to depart from the theory on which the case was tried on the lower court. *Brookside Mills, Inc. v. Moulton*, 404 S.W.2d 258 (Tenn. Ct. App. 1965).

In view of the foregoing, we affirm the ruling of the Chancery Court. Costs of appeal and remand the case for collection of costs below. Costs of appeal are adjudged against the State of Tennessee, *ex rel* Thomas J. Harrell.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE