# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 7, 2002 Session

## STATE OF TENNESSEE, DEPARTMENT OF HUMAN SERVICES, EX REL. TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES v. DEBRA WILSON, ET AL.

**Appeal from the Juvenile Court for Warren County**
**Nos. 1827 & 1828     Larry Ross, Judge**

---

**No. M2002-00233-COA-R3-JV - Filed March 27, 2003**

---

PATRICIA J. COTTRELL, J., dissenting.

This case arises from a proceeding for an initial setting of child support which also included a request that the court award retroactive support. The duty to support existed before the petition or order. It is well settled under Tennessee law that every parent is obligated to support his or her children during their minority. Tenn. Code Ann. § 34-1-102; *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 247 (Tenn. Ct. App. 2000). This obligation to provide support exists without a court order. The obligations of parents to support, care for, and nurture their children are joint, and the extent of their duty to support depends on their ability to provide that support. *State ex rel. Grant v. Prograis*, 979 S.W.2d 594, 600-01 (Tenn. Ct. App. 1997).

The parent's obligation to support and the child's right to support exist independently of a court order. The legislature, however, has established statutory requirements for the courts to order a set amount of support in some circumstances. For example, when married parents divorce, the court is authorized to provide for support of the minor children. Tenn. Code Ann. §§ 36-5-101(a)(1) & (a)(2)(A). When paternity of a child born out of wedlock is established, the father is required to provide support, as set by the court, for the child's benefit. Tenn. Code Ann. § 36-2-311; *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). The legal duty of support exists in all cases. *Id*. 21 S.W.3d at 191 (citing *Smith v. Puett*, 506 F. Supp. 134, 142 (M.D. Tenn. 1980)).

In the situation where the custody of a child is placed with an agency of the state, as here, Tenn. Code Ann. § 37-1-151(b)(1), clearly establishes the obligation of the parent(s) to pay support. Thus, there can be no question that the Wilsons' obligation to provide support arose on the date their child was placed in the custody of the state agency.

Although the court did not set a hearing "for the purpose of establishing support" at the time of the custody hearing, as required by Tenn. Code Ann. § 37-1-151(b)(2), the clerk did not notify the Title IV-D office or the parents of a such a hearing, as required by Tenn. Code Ann. § 37-1-

151(b)(3)(C), and although the Department of Human Services did not petition to have support established for almost two years after the child was taken into custody, as opposed to the forty-five (45) day period established by the statute, none of these failings obviates the fact that the Wilsons were liable for child support for their child from the date he was placed in the custody of the Department of Children's Services.

Tenn. Code Ann. § 37-1-151(b)(4)(A) also requires the court, when establishing an initial order of child support, to award retroactive support. That provision directs the court to set the initial and prospective support "as the evidence demonstrates is appropriate and in accordance with the child support guidelines established pursuant to § 36-5-101(e)." It also states, "The order for support and for medical care shall be retroactive to the date that custody of the child was placed with the state by any order of the court." Unlike similar provisions on awards of retroactive support, that provision appears to direct that the amount awarded prospectively shall automatically be used to calculate the amount of retroactive support due. Of course, the entire set of statutes presumes that the amount of support will be initially set within forty-five (45) days of the child being placed in state custody. In that span of time, there is little likelihood that changes in income will have occurred that would affect the amount of support. We also note that the statute allows the court to set the amount of support appropriately in light of the evidence and the child support guidelines. Again, that language differs somewhat from other legislative directives regarding the setting of the amount of support.

Our courts have faced similar issues involving the setting of retroactive support where other situations triggered the duty to support. For example, a biological father of a child born out of wedlock has a duty to support his child, and that responsibility for support arises at the date of the child's birth. *State ex rel. Coleman v. Clay*, 805 S.W.2d 752, 755 (Tenn. 1991). Even if the father was unaware that he was the child's father, once paternity is established, the courts are to set retroactive child support as well as prospective support. Tenn. Code Ann. § 36-2-311(a)(11); *Berryhill*, 21 S.W.3d at 192; *Kaatrude*, 21 S.W.3d at 248.

In *Coleman*, paternity proceedings were not instituted until the child was fourteen years old, and blood tests conducted at that time confirmed that the defendant was the child's father. The trial court entered a paternity decree and set prospective support. The court also awarded retroactive support only back to the date when blood test results were available which established the defendant was actually the child's father. *Id*. 805 S.W.2d at 754. The Supreme Court found that "upon determination of paternity, the father of a child born out of wedlock is statutorily liable for support from and after the child's birth." *Id*. 805 S.W.2d at 755. The court explicitly rejected the trial court's implicit holding that the father's liability is retroactive only to the date on which he knows for certain that he is the child's father.

The Tennessee Supreme Court interpreted the then-existing paternity statutes to authorize a retroactive award for support in conjunction with an order of paternity but also to give the courts broad discretion to determine the amount of such a retroactive award.[1] The court further stated:

> What the juvenile judge lacks is discretion to limit the father's liability for child support in an arbitrary fashion that is not consistent with the provisions in [the paternity statutes]. For example, nothing in those sections can be interpreted to restrict the father's liability to the date when he knows for certain that the child in question is his. Such a limitation not only amounts to judicial legislation, but also encourages the putative father to avoid legitimately instituted court proceedings and to delay testing . . . in the hope of minimizing the ultimate support award.

*Coleman*, 805 S.W.2d at 755.

The same reasoning is applicable herein where the statute clearly establishes the liability of the parents from the date the child is taken into custody and further directs an award of retroactive support to that date. I find no authority in the statute or otherwise for the court to limit that liability to the date a petition is filed.

In a recent case, *State ex rel. Clark v. Wilson*, No. M2001-01626-COA-R3-CV, 2002 Tenn. App. LEXIS 904 (Tenn. Ct. App. Dec. 23, 2002) (no Tenn. R. App. P. 11 application filed), this court applied similar reasoning to an initial award of support for a child where that support had not been set at the time of the divorce because the court was not informed of the existence of the child. The trial court limited the father's liability for retroactive support to the date that paternity testing proved he was the biological father. We reversed because: (1) the father was the presumptive father under Tenn. Code Ann. § 36-2-304(a)(1) and that presumption was affirmed rather than rebutted by later blood tests administered pursuant to the action to establish paternity; (2) support was not set prospectively at the time of divorce because the existence of the child was not disclosed, and neither one parent nor both can by agreement deprive the child of his or her right to support, *Berryhill*, 21 S.W.3d at 191-92; *Witt v. Witt*, 929 S.W.2d 360, 363 (Tenn. Ct. App. 1996); (3) at the time the initial prospective support was set, the court was required to enter judgment for "an amount due for monthly support from the date of . . . separation . . . until the current support is entered," Tenn. Comp. R. & Regs., ch. 1240-2-4-.04(1)(e); and (4) the court had no discretion to limit the father's liability for support in a fashion not consistent with the statutes and guidelines, *Coleman*, 805 S.W.2d at 755. We remanded for the trial court to establish the amount of retroactive child support using the child support guidelines, including any deviation if warranted.

---

[1]The Tennessee Supreme Court has determined that the 1994 inclusion in the guidelines of provisions regarding retroactive support has limited the courts' discretion in making such awards in orders establishing paternity. *Berryhill*, 21 S.W.3d at 193. Although courts continue to have discretion, the "broad discretion" to determine the amount of retroactive awards described in *Coleman*, 805 S.W.2d at 755, has been narrowed, and any discretion "must be exercised within the strictures of the Child Support Guidelines." *Berryhill*, 21 S.W.3d at 193.

Again, the reasoning of that case is applicable herein. The parents had a duty to pay support from the date the child went into state custody. The court was statutorily directed, upon establishment of the initial support order, to establish the amount of retroactive support due to the date the child was placed with the state. Tenn. Code Ann. § 37-1-151(b)(4)(A). I find no authority for the court to limit the liability for back support. In other words, I differ with the majority on the consequence of the statutory directive that support be set within 45 days.

As equitable as the trial court's decision may be in light of the state's conduct herein, I can find no allowance in the statute for deviation from its directives in terms of the duration of the obligation even on an equitable basis.

In *Berryhill*, the Court considered the trial court's conclusion that an award of retroactive support sought after the child reached majority would be unfair and would unreasonably and unjustly enrich the mother. The Court stated:

> The legislature has provided for retroactive awards by statute and by the incorporation of the Child Support Guidelines promulgated by the Tennessee Department of Human Services, Child Support Division. Retroactive child support is available whether the child is a minor or whether the child has reached the age of majority and brings the claim within the time permitted by the statute. Furthermore, courts are required to apply the Child Support Guidelines as a rebuttable presumption in determining support, and the 1994 guidelines explicitly provide "that the rebuttable presumption must be applied to all child support awards even if the order is being sought for a retroactive period before October 13, 1989." This Court has held that the guidelines "carry what amounts to a legislative mandate." *Nash v. Mulle*, 846 S.W.2d 803, 804 (Tenn. 1993). Accordingly, the mere action of seeking an award of retroactive child support within the time frame permitted by statute cannot render a request for child support either "unjust" or "inappropriate."

*Berryhill*, 21 S.W.3d at 192 (some citations omitted).

However, the amount of retroactive support due is another question. Although the statute states that the amount of support set initially "shall be retroactive" to the date the child went into custody of the state, it also states that support shall be set "as the evidence demonstrates is appropriate and in accordance with the child support guidelines. . . ." Tenn. Code Ann. § 37-1-151(b)(4)(A).

In *Berryhill*, the Tennessee Supreme Court determined that, since the 1994 inclusion in the guidelines of provisions regarding retroactive support,[2] any discretion a court might have in setting

---

[2]Under the guidelines:

(continued...)

-4-

such support "must be exercised within the strictures of the Child Support Guidelines." *Berryhill*, 21 S.W.3d at 193. That case dealt with establishment of retroactive support in conjunction with the initial setting of support upon the determination of paternity.

Under the guidelines, in cases where initial support is being set, a judgment must be entered to include an amount of retroactive support due, and the amount of past support:

> must be calculated based upon the guidelines using the average income of the obligor over the past two years and is presumed to be correct unless rebutted by either party. An amount should be included in the order to reduce the arrears judgment on a monthly basis within a reasonable time.

Tenn. Comp. R. & Regs., ch. 1240-2-4-.04(1)(e).

Having established the amount of retroactive support which would have been due under the guidelines, the court has the discretion to determine whether facts exist to justify a deviation from the guidelines. Tenn. Code Ann. § 36-5-101(e)(1)(A) provides that:

> In making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection. If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties. Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance.

In addition, the guidelines require that the amount due under the guidelines be established first as a rebuttable presumption as to the correct amount, which can be rebutted by a written or specific finding "that the application of the guidelines would be unjust or inappropriate" in that case. Tenn. Comp. R. & Regs., ch. 1240-2-4-.01(2). "Findings that rebut these guidelines must state the amount that would have been required under the guidelines and include a justification for deviation from the guidelines which takes into consideration the best interest of the child." Tenn. Comp. R. & Regs., ch. 1240-2-4-.02(7).

---

[2](...continued)
In cases where initial support is being set, a judgment must be entered to include an amount due for monthly support from the date of the child's birth or date of separation or date of abandonment whichever is appropriate, until the current support order is entered.

Tenn. Comp. R. & Regs., ch. 1240-2-4-.04(1)(e).

The Supreme Court has specifically directed application of these provisions to a retroactive support award. *Berryhill*, 21 S.W.3d at 193. The court further explained:

> The guidelines provide a general formula for calculating the appropriate amount of child support based on an obligor's income and include a procedure which permits limited deviation downward from the general formula. The guidelines also mandate a deviation upward under certain circumstances. The guidelines are a minimum base for determining child support obligations. "The guidelines expressly provide for downward deviation where the obligee has utterly ceased to care for the child(ren); where the obligee clearly has a lower level of child care expense than that assumed in the guidelines; and where the obligor is saddled with 'extreme economic hardship.'" *Jones v. Jones*, 930 S.W.2d 541, 545 (Tenn. 1996). "Although the rule does not purport to set forth an exhaustive list of instances in which downward deviation is allowed, these specific instances nevertheless are a powerful indication as to the types of situations in which it is contemplated under the guidelines." *Jones*, 930 S.W.2d at 545. The guidelines indicate that the court "shall" increase the award if the obligor is not providing health insurance, if the obligor is exercising less than average visitation, if extraordinary medical and educational expenses exist, or if the court finds that equity requires it.

*Id*. (some citations omitted).

Thus, Tenn. Code Ann. § 36-5-101(e)(1)(A ) and the guidelines take into consideration the justness or equity of the award. While the Supreme Court's language quoted above implies that deviations downward are limited, the Court also recognizes the trial court's authority to consider the equities of the situation. In most situations, it is the obligee parent who seeks retroactive child support, and the equities involved when a state agency seeks support for a child in its care may be different. The goal of statutes and regulations governing child support is to assure that children receive support reasonably consistent with their parent's or parents' financial resources. *Kaatrude*, 21 S.W.3d at 248-49. The Child Support Guidelines state one of their goals is to "ensure that when parents live separately, the economic impact on the child(ren) is minimized . . . ." Tenn. Comp. R. & Regs., ch. 1240-2-4-.02(2)(e).

The statute governing the support obligation for a child in custody of a state agency recognizes that support should be set "as the evidence demonstrates is appropriate" and in accordance with the guidelines. In addition, Tenn. Code Ann. § 37-1-151(b)(6)(D) provides:

> Any child support funds remaining with the state after the child is returned to the physical custody of either parent or other custodian by court order shall be returned to the custodial parent or other custodian named in the order for use in the care of the child after reimbursement to the state of such costs incurred for the child's care by the state which are not otherwise prohibited by state or federal law or regulation.

This provision recognizes that the state agency's right to child support is not identical to that of the child or the obligee parent. Where the amount of support due under the guidelines exceeds the agency's costs, apparently the agency is not entitled to the surplus. The record before us does not include any information regarding the actual costs.

Consequently, I would remand to the trial court with instructions to apply the guidelines by, first, determining the amount of retroactive support that would have been due under the guidelines and, then, after giving the parties the opportunity to present additional evidence, determining whether a deviation from the presumptive amount is warranted and making necessary findings if the court reaches that conclusion.

_____
PATRICIA J. COTTRELL, JUDGE