IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 5, 2005 Session

## STATE OF TENNESSEE, EX. REL. DEBRA L. OGELSBY v. MARK D. BRIDGES

**Appeal from the Juvenile Court for Knox County**
**No. 0100039638      Carey E. Garrett, Judge**

---

**No. E2004-01675-COA-R3-CV  - FILED MAY 17, 2005**

---

Debra L. Ogelsby ("Mother") and Mark D. Bridges ("Father") are the natural parents[1] of Holly Bridges ("the child"). By an order entered in 1986, Mother was awarded custody of the child and Father was charged with a duty of support but with no amount being set. In 1998, the child started living with Father. At that time, Father, motivated by the fact the child was now living with him, filed a petition to terminate his support obligation. His petition was granted. In 1999, the child left Father and again took up residence with Mother. The child was emancipated by marriage in 2000. In 2002, the State of Tennessee ("the State"), on behalf of Mother, brought this action seeking retroactive child support for the period from 1999 through 2000. Father argues that the trial court was prohibited from awarding retroactive child support prior to June 11, 2002, the date upon which the State filed its petition. The trial court held that Mother was entitled to retroactive child support since there was no active order for child support in place at the time the petition was filed. Father appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Ricky A.W. Curtis, Knoxville, Tennessee, for the appellant, Mark D. Bridges.

Paul G. Summers, Attorney General and Reporter, and Warren A. Jasper, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee, *ex. rel.* Debra L. Ogelsby.

---

[1]The parties were never married to each other.

**OPINION**

I.

Mother and Father are the natural parents of the child (DOB: 02/24/1985). Pursuant to Mother's legitimation petition, an order was entered on June 23, 1986. That order provided, among other things, that custody of the child was awarded to Mother, and that Father owed a duty of support to the child until she graduated from high school. At that time, the court set the amount of support at zero, but ordered Father to pay an arrearage to the State of Tennessee in the amount of $450.[2]

In October, 1987, the State filed a petition on Mother's behalf seeking an order setting a specific amount of child support. The court entered an order setting Father's support obligation at $104 per month. Over the years that followed, the amount of Father's child support obligation was modified several times. In August, 1998, the child left Mother and moved in with Father. On August 14, 1998, Father filed a motion asking the court to terminate his child support obligation based upon the fact the child was now living with him. The court granted Father's motion. It appointed him guardian of the child. By order entered September 29, 1998, the trial court terminated Father's obligation to pay child support effective August 14, 1998.

On January 11, 1999, the child returned to live with Mother. Mother requested that the court terminate Father's guardianship and vest guardianship in her as the custodial parent. The trial court entered an order granting Mother's motion; the order fails to address Father's child support obligation. The child was emancipated by marriage on June 21, 2000.

On June 11, 2002, the State, on Mother's behalf, filed a petition to set support. In its petition, the State averred that Mother was the custodian of the child, and that the child had resided with Mother from January 11, 1999, through June 21, 2000, the date of the child's marriage. The petition, among other things, asked the court to decree that Father owed child support for the period from January, 1999, through June, 2000. Father responded by filing a motion to dismiss, in which he argued that his child support obligation was terminated by the court on September 29, 1998, and that no subsequent decision modifying that order had been entered. Consequently, according to Father, the trial court was prohibited, pursuant to Tenn. Code Ann. § 36-5-101(a)(5) (Supp. 2004), from awarding support for the period from January, 1999, to June, 2000, because such an award would constitute a retroactive modification of the order for "zero" child support entered on September 29, 1998.

On March 26, 2003, the parties appeared before a referee of the juvenile court. The referee held that "[t]he Petition to Establish Support is denied in as much as the [c]ourt declines to establish a monthly support amount payable from [Father] to [Mother] in accordance with the Tennessee Child Support Guidelines for the period of time that the minor child lived with the Mother in the absence

---

[2]The order does not reflect why support was set at "zero . . . [d]ollars," nor does the order recite the basis for the arrearage.

of a child support order." The referee further found, however, that Mother was entitled to a portion of the necessaries incurred by her on behalf of the child. The referee therefore deemed the petition to set support as a petition to require Father to pay a portion of the necessaries incurred on the child's behalf.

The State appealed the referee's decision to the trial court. That court reversed the referee, deciding that since there was no active order of support in place at the time of the last custody change, the court was not prohibited from granting retroactive support. Consequently, the court held that Father owed a duty of support to Mother from January 11, 1999, through June 21, 2000, in an amount to be calculated based upon the gross income earned by him during that period of time. Father appeals from that judgment.

II.

Father challenges the judgment of the trial court, arguing that, under Tenn. Code Ann. § 36-5-101(a)(5), a court cannot order retroactive child support for a period of time prior to the date of filing of the petition to modify. Since the State's petition was filed on June 11, 2002, so the argument goes, Mother is not entitled to any child support for any period prior to that date. Hence, Father argues that no support is due. The State responds by categorizing its petition as one asking to "set" support, not to modify an existing order. It contends that Tenn. Code Ann. § 36-5-101(a)(5) is not an impediment to the granting of the relief it seeks.

The relevant statute in this case provides as follows:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties. If the full amount of child support is not paid by the date upon which the ordered support is due, the unpaid amount is in arrears and shall become a judgment for the unpaid amounts and shall accrue interest from the date of the arrearage at the rate of twelve percent (12%) per annum. All interest which accumulates on arrearages shall be considered child support. Computation of interest shall not be the responsibility of the clerk.

Tenn. Code Ann. § 36-5-101(a)(5). Therefore, the critical question before us is whether the September 29, 1998, order terminating Father's obligation to pay child support is an "order for child support" as contemplated by Tenn. Code Ann. § 36-5-101(a)(5).[3]

## III.

We review the trial court's factual findings *de novo*, according those findings a presumption of correctness unless the evidence preponderates against them. Tenn. R. App. P. 13(d); ***Bogan v. Bogan***, 60 S.W.3d 721, 727 (Tenn. 2001). As to the trial court's legal conclusions, we conduct our review under "a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." ***S. Constructors, Inc. v. Loudon County. Bd. of Educ.***, 58 S.W.3d 706, 710 (Tenn. 2001).

## IV.

Before the General Assembly enacted the provision currently codified at Tenn. Code Ann. § 39-5-101(a)(5), a court was permitted to modify child support "upon a specific written finding that the obligor was unable to pay the full amount of such allowance through no intentional fault of his or her own and that the facts of the case require such a modification retroactively in order to meet the ends of justice." ***Rutledge v. Barrett***, 802 S.W.2d 604, 605-06 (Tenn. 1991) (quoting Tenn. Code Ann. § 36-5-101 (Supp. 1986)). The Tennessee legislature amended the statute in order to comply with the federal mandate that certain federal assistance to the states was contingent upon a state putting in place procedures which "guarantee that a child support payment is . . . not subject to retroactive modification by such State or by any other State." ***Id.*** (quoting 42 U.S.C. § 666(a)(9) (Supp. 1990)). The legislative history reflects the General Assembly's clear intent that "the courts of this state would lose their ability to forgive past arrearages in child support cases." ***Id.*** (citation omitted).

In applying the statute to the instant case, the trial court held as follows:

> After entering an order terminating child support upon a change of custody, the [c]ourt is not prohibited from later entering an order of support for that child after custody reverts back to the original custodian. Given that there was no active order of support in place at the last custody change, the granting of retroactive support in this case is clearly not a modification of a pre-existing order. To find

---

[3]The State also argues, in the alternative, that Mother is entitled to an award for necessaries purchased for the child during the relevant time period. However, in view of our disposition of this case, we do not reach the "necessaries" issue.

otherwise would indicate that children are not entitled to support from both parents if ever there is a change in custody *until* the custodial parent actually files a petition seeking such support. To the contrary, [Tenn. Code Ann.] § 34-1-102[4] clearly provides that children are entitled to support from both parents during their minority.

(Emphasis in original).

Father argues that the trial court's judgment is in error based upon the following facts: (1) an order terminating Father's child support was entered in 1998; (2) the child was emancipated in 2000; and (3) the State's petition seeking to modify the order was not filed until 2002. Father contends that the trial court was without authority to order child support for any period of time prior to the date when the subject petition was filed. In support of his argument, he relies upon our decision in ***Johnson v. Johnson***, No. E2003-00130-COA-R3-CV, 2003 WL 22258180 (Tenn. Ct. App. E.S., filed August 21, 2003), which he contends is analogous to the case at bar. The divorce decree in ***Johnson*** granted custody of three children to the mother, and ordered father to pay child support of $1,500 per month. ***Id.***, at *1. However, in the 1994/1995 time frame, one of the children started spending the majority of his time at his father's residence. ***Id.*** In 1999, the father filed a petition in which he asserted that since 1994/1995, he had been, in effect, the "primary residential parent" and that, as a consequence of this fact, he was entitled to a reduction in his support obligation going back to the time that the child started living with him. ***Id.*** The court held, however, that "[t]his type of retroactive modification of child support is prohibited by statute." ***Id.***, at *3. In ***Johnson***, we went on to say, citing Tenn. Code Ann. § 36-5-101(a)(5), that "[i]t is well-settled that child support payments cannot be altered, reduced or forgiven by the court *once they become due*." ***Id.*** (emphasis added). In the instant case, no support ever "bec[ame] due" as a result of the trial

---

[4]Tenn. Code Ann. § 34-1-102 (2001) provides, in relevant part, as follows:

> (a) Parents are the joint natural guardians of their minor children, and are equally and jointly charged with their care, nurture, welfare, education and support and also with the care, management and expenditure of their estates. Each parent has equal powers, rights and duties with respect to the custody of each of their minor children and the control of the services and earnings of each minor child; provided, that so much of the net income of each minor child as may be necessary may be expended by a parent (without the necessity of court authorization) for the child's care, maintenance and education. Funds of a minor held by a guardian shall not be expended to relieve or minimize the obligation of the parent or parents to support the minor.

> (b) Parents shall continue to be responsible for the support of each child for whom they are responsible after the child reaches eighteen (18) years of age if the child is in high school. The duty of support shall continue until the child graduates from high school or the class of which the child is a member when the child attains eighteen (18) years of age graduates, whichever occurs first.

court's order of September 29, 1998. This is not a case where an order *for support* was still in effect at the time the petition was filed. The order entered on September 29, 1998, terminated Father's child support obligation "due to the child living with the Father." From that date forward, no order requiring the payment of support was in place. While the order of September 29, 1998, certainly addresses the subject of child support, it is not an "order *for* child support."[5] *See* Tenn. Code Ann. § 36-5-101(a)(5) (emphasis added).

We agree with the trial court that the State's petition on Mother's behalf should be treated as a petition to *set* child support rather than as one seeking to *modify* an existing order, as Father argues. By way of an additional argument, Father contends that the State's petition cannot be classified as one to "set" support because the record contains numerous orders setting support. He also argues that the current judgment increases his child support obligation to a level above that existing just prior to the order of September 29, 1998, terminating his support obligation. Therefore, he argues, the increase constitutes a modification. We find, however, that the presence of multiple orders modifying Father's obligation to pay child support *prior* to the time he obtained custody of the child and prior to the entry of the order terminating his child support obligation is immaterial to the issue now before us.

Since we hold that the State's petition does not seek to modify an existing order *for* child support, it was proper for the trial court to order Father to pay support retroactive to the date on which Mother obtained custody – January 11, 1999 – to the date of the child's emancipation by marriage – June 21, 2000. The scenario presented here is analogous to the one before us in ***Varney v. Louise***, No. M2000-03234-COA-R3-CV, 2001 WL 1480524 (Tenn. Ct. App. M.S., filed November 21, 2001). After the parties in ***Varney*** divorced, the trial court awarded custody to the mother. *Id.*, at \*1. Several years later, the trial court, acting upon the father's motion, awarded temporary custody of the children to the father, but failed to order mother to pay child support. *Id.*, at \*2. The father subsequently sought child support from the mother. *Id.* Following a hearing, the court entered an order returning custody to the mother. *Id.*, at \*3-\*4. The trial court failed, however, to address father's request for back child support and expenses for the time period in which he had custody of the children. *Id.*, at \*7. Treating the trial court's silence as a denial of the father's request, we remanded the matter for a determination of the extent, if any, of the mother's obligation to pay back child support. *Id.*, at \*8. In support of our decision to remand, we cited the proposition that every parent is obligated to support his or her children during their minority. *Id.*, at \*7 (citing Tenn. Code Ann. § 34-11-102[6]). The obligation to support, care for, and nurture their children is

---

[5] This case does not present a factual scenario where a trial court enters an order setting an *obligor* parent's child support obligation at zero because the court finds a legally-justifiable basis for deviating from the amount of support dictated by the strict application of the Child Support Guidelines. Therefore, whether such an order would be considered an "order for child support" under Tenn. Code Ann. § 36-5-101(a)(5), is not before us and does not need to be decided in this case.

[6] This statute has since been transferred to Tenn. Code Ann. § 34-1-101, *et seq*.

imposed upon both parents, and the extent of their duty to support depends upon their ability to provide that support. *Id.* (citing **State ex rel. Grant v. Prograis**, 979 S.W.2d 594, 600-01 (Tenn. Ct. App. 1997)). This obligation exists even in the absence of a court order. *Id.* In *Varney*, however, we did not indicate the date to which the award of support should be retroactive. We subsequently clarified our holding in *Varney*, stating that "the [*Varney* court's] recognition of every parent's obligation to support his or her child from minority even without a court order clearly indicates the propriety of awarding support retroactive to the time the father was granted custody." **State v. Harrell**, No. E2001-01710-COA-R3-CV, 2002 WL 31011260, at *1 (Tenn. Ct. App. E.S., filed September 3, 2002).

We hold that Father had a statutory obligation to support the child during the period of time for which the trial court's order decreed support, *i.e.*, from January 11, 1999, through June 21, 2000. We further hold that the decree does not offend Tenn. Code Ann. § 36-5-101(a)(5) because the current judgment does not modify an existing "order for child support."

V.

The judgment of the trial court is affirmed. This matter is hereby remanded to the court below for enforcement of that court's judgment and for collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to the appellant, Mark D. Bridges.

_____
CHARLES D. SUSANO, JR., JUDGE