Winfield DUNN et al., Appellants,

v.

W. F. JAMESON AND SONS, INC.,
et al., Appellees.

Supreme Court of Tennessee.

July 24, 1978.

Brooks McLemore, Atty. Gen., William C. Koch, Jr., Deputy Atty. Gen., Nashville, Edward G. Grogan, Heiskell, Donelson, Adams, Williams & Kirsch, Memphis, for appellants.

John B. Mack, Clifton & Mack, Bruce S. Kramer, Rosenfield, Borod, Bogatin & Kremer, Heiskell Weatherford, Canada, Russell & Turner, DeWitt M. Shy, Jr., Burch, Porter & Johnson, Erich W. James, Waring, Cox, James, Sklar & Allen, Alan R. Strain, Nelson, Norvell, Wilson, McRae & Sevier, Memphis, for appellees.

WILLIAM S. RUSSELL, Special Justice.

The dispositive questions in this case are (1) whether or not a suit by the Board of Regents of the State University and College System is exempt because of the provisions of T.C.A. § 28–115[1] from the three year statute of limitation set out in T.C.A. § 28–305[2], to *inter alia* suits, for damages

---

1. 28–115. *Actions by state.*—The provisions of this title do not apply to actions brought by the state of Tennessee, unless otherwise expressly provided.

2. 28–305. *Property tort actions—Statutory liabilities—Alienation of affections.*—Actions for

injuries to personal property, . . . civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability, and actions for

to property; and (2) whether or not under this record the trial judge was correct in dismissing this suit against two defendants[3] on the further ground that there was no privity of contract between them and the plaintiff. For the reasons hereinafter set out, we hold that the trial court erred in holding that the aforesaid statute of limitation barred this action; and we further hold that the dismissal as to the two defendants on the additional ground of no showing of privity of contract was premature and hence erroneous.

This action arose from the construction of a physical education building at Memphis State University. The roof on the new building turned out to be defective. This is a suit brought by the Board of Regents of the State University and College System against the architects who designed and supervised the construction of the building[4], the general contractor[5], the roofing subcontractor[6], the roofing material supplier[7], the roofing material manufacturer[8], and the surety upon the contractor's and various subcontractors' performance bond[9].

This is the second time that this case has been before this court, following the trial court's dismissal of it as to all defendants. The first time, the trial court held that the plaintiff's causes of action all simultaneously accrued on November 15, 1971, and were extinguished after the passage of three years; and also found that there was no privity of contract between the material supplier and the plaintiff. This court, upon the first appeal, held that a determination of the correctness of the trial judge's order of dismissal was dependent upon the terms of the contract and specifications under which the roof was installed. We noted that the contract and specifications were not filed in the trial court and, consequently, we did not know the parties to the several contracts, or the rights of the plaintiff or the obligations of the several defendants. We said:

" * * * It is apparent from the allegations of the complaint that as to one or more of the defendants, plaintiff's cause of action did not accrue when the leaks first appeared in the roof of the building as found by the trial judge, but accrued when the defendants—or at least those defendants bound by the contracts and specifications—repudiated or breached the contractual provisions guaranteeing the roof and all related work against leaks for a specified period after acceptance of the building. These dates are not set forth in any of the pleadings filed in these actions. With the record in this state, the trial judge was not in a position to rule on the several motions to dismiss, nor are we. We are, therefore, setting aside his orders sustaining the motions to dismiss and are remanding the action for the filing of the contract and specifications and for such other action as the trial judge deems advisable when he considers the contract and specifications along with the other allegations of the complaint."

When the case reached the trial court the plaintiff was permitted the file an amended complaint[10], to which was appended the agreement between the owner and the architect, the agreement between the owner and the general contractor, and the performance bond of the contractor and surety. (AIA Document A201, incorporated by reference into the contract between the owner

---

alienation of affections, shall be commenced within three (3) years from the accruing of the cause of action.

3. Matthiessen and Hegeler Zinc Company and Reynolds Aluminum Supply Company

4. Wiseman-Bland and Foster, Architects and Engineers, Inc. and Eason, Anthony, McKinnie and Cox, Inc.

5. W. F. Jameson and Sons, Inc.

6. Ben J. Malone Company

7. Reynolds Aluminum Supply Company

8. Matthiessen and Hegeler Zinc Company

9. United Pacific Insurance Company

10. At this time a new defendant, Union Pacific Insurance Company, surety, was added as a defendant.

and the general contractor, was not filed as an exhibit, but it was appended to the appellant's brief.) The record still does not contain copies of any agreements or warranties entered into between any of the various defendants, although they are alluded to in various pleadings and contemplated by the general contract.

With the filing of the amended complaint, and answers and various cross-complaints, and motions to dismiss by two of the defendants[11], the trial court again dismissed the action against all of the defendants. Despite our holding upon the initial appeal that the plaintiff's cause of action did not accrue when the leaks in the roof first appeared, the trial judge again held that it did then so accrue as to the architects, the general contractor, the roofing subcontractor, the roofing supplier, the roofing manufacturer and the surety, and that three years from that date had passed before suit was filed. Furthermore, as to the roofing manufacturer and as to the roofing supplier, the trial court held that in addition to the suit being barred as to them because of the three year statute of limitation (T.C.A. § 28–305), it was also barred as to these two defendants because of the absence of privity of contact.

While we did not say so upon the first appeal, because as we said in our opinion it was obvious that the claimed statute of limitation had not run as to some of the defendants, even if it was applicable, upon this appeal we face the question of the applicability of this statute to this plaintiff State agency at the threshold, because it is dispositive. We need not decide if this is a property damage case (as contrasted with being purely a suit upon a contract, or perhaps for breach of warranty), to say if T.C.A. § 28–305 applies or not; nor must we decide when this cause of action accrued.[12] We hold straightaway that the clear and unambiguous provisions of T.C.A. § 28–115 exempt the State from the ambit of this statute of limitation. The language is: "The provisions of this title do not apply to actions brought by the state of Tennessee, unless otherwise expressly provided." This statute is a part of Title 28, "Limitations of Actions"; as is T.C.A. § 28–305, the statute of limitation relied upon by these defendants. Since there is nowhere an express provision making T.C.A. § 28–305 applicable to an action by the State, then it simply and clearly is not. When the State is acting in its sovereign capacity, it is not barred by any statute of limitation unless the particular statute of limitation expressly provides that it applies to actions brought by the State. *In re Estate of Darwin*, 503 S.W.2d 511 (Tenn.1973).

There can be no doubt that the State, in entering into the contracts involved in this case through its agency (the plaintiff), was acting in furtherance of education. As education is a governmental function, see, e. g., *Applewhite v. Memphis State University*, 495 S.W.2d 190 (Tenn.1973), the State was acting in its sovereign capacity in this instance. In *Applewhite*, supra, this court expressly held that Memphis State University was entitled to sovereign immunity. The plaintiff in the case at bar is the State. For that reason, the three year statute, even if otherwise applicable[13], is not a bar to this suit.

T.C.A. § 28–305 is not applicable, because it does not expressly say that it is, as re-

---

**11.** Motions to dismiss were filed only by the general contractor and by the roofing material manufacturer. Others filed pleas relying upon the statute of limitation, and apparently there was an agreement to allow an oral presentation of the motion to dismiss and let it be applicable to all of the defendants.

**12.** It is noteworthy that, in the strongest position contended for by the defendants, the three

year statute of limitation had run a mere twenty days before suit was filed.

**13.** From our analysis of this case, it is very doubtful that a three statute of limitation would bar it, because of both an accrual question and the fundamental nature of the claims. It is, however, unnecessary for us to decide that question.

quired for applicability to the State by the provisions of T.C.A. § 28–115. The common law rule, now codified in T.C.A. § 28–115, provides that statutes of limitation against the State as the sovereign are looked upon with disfavor, and will not be enforced unless there is a clear and explicit authority therefor given by statute. *Anderson v. Security Mills,* 175 Tenn. 197, 133 S.W.2d 478 (1939). See also *State ex rel Cates v. Standard Oil Co.,* 120 Tenn. 86, 110 S.W. 565 (1907); *State ex rel Dossett v. Obion County,* 188 Tenn. 538, 221 S.W.2d 705 (1949); and *Nelson v. Loudon County,* 176 Tenn. 632, 144 S.W.2d 791 (1940).

We hold that the trial judge erred in dismissing this suit as being barred by the state of limitation (T.C.A. § 28–305).

The remaining question involves the correctness of the trial judge's ruling that the suit be dismissed as to the roofing material supplier and as to the roofing material manufacturer for want of privity of contract. We again hold, as we did upon the initial appeal, that the trial judge was not in a position to rule upon this question, given the state of the record.

We explicitly pointed out in our first opinion the substance of civil procedure Rule 10.03, "which details the circumstances under which exhibits referred to in a complaint shall be a part of the pleadings for all purposes". Our suggestion was substantially ignored. Despite the clear fact that this whole contractual scheme explicitly provided for subcontracts [14], and warranties [15], the pleadings (which were all that the trial court had before him) nowhere include the full and pertinent substance of these agreements. The defensive pleadings filed also allude to such other agreements [16].

14. The contract with the architect provides:
7. GENERAL ADMINISTRATION
The Architect will endeavor by general administration of the construction contracts to guard the Owner against defects and deficiencies in the work of the contractors, but he does not guarantee the performance of their contracts.
The AIA Document A201 provides:
4.10.1 The Contractor shall be responsible to the Owner for the acts and omissions of all his employees and all subcontractors, their agents and employees, and all other persons performing any of the work under a contract with the Contractor.
\* \* \* \* \* \*
5.1.1 A Subcontractor is a person or organization who has a direct contract with the Contractor to perform any of the work at the site. The term Subcontractor is referred to throughout the Contract Documents as if singular in number and masculine in gender and means a Subcontractor or his authorized representative.

15. For example, the AIA Document A201 provides, inter alia:
4.5 WARRANTY
4.5.1 The Contractor warrants to the Owner and the Architect that all materials and equipment furnished under this Contract will be new unless otherwise specified, and that all work will be of good quality, free from faults and defects and in conformance with the Contract Documents. \* \* \*
4.5.2 The warranty provided in this paragraph 4.5 shall be in addition to and not in limitation of any other warranty or remedy required by law or by the Contract Documents.

16. In the answer of the architects, we find:
11. These defendants \* \* \* admit that all roofing and related work was to be water tight and guaranteed by the sub-contractor to remain so for a period of five (5) years after completion of the building.
In the answer of the general contractor:
14. \* \* \* This defendant did not contract to purchase the materials nor to install them, this being handled by its subcontractor, Ben J. Malone Company; \* \* \*
19. \* \* \* The 5 year guarantee of the roof was to be by the subcontract and not the defendant \* \* \* 37. If the roofing material did not comply with any warranty attached thereto or which would apply it admits this would be the responsibility of the manufacturer and its representative, Reynolds.
In its cross-complaint, the general contractor:
6. \* \* \* avers that Ben J. Malone Company entered into a subcontract with it dated May 8, 1969 for the performance of Sections 7B.1 through 7B.9 inclusive of the contract; that pursuant to section 18(a) of said subcontract the said cross-defendant guaranteed its work against all defects of material or workmanship as called for in the contract documents or if none for a period of one (1) year from date of completion of said work and acceptance by the owner.
The answer of Reynolds Aluminum Supply Company, the supplier, says:
2. This defendant admits that it filled an order from Ben J. Malone Company, Inc., the roofing

We were invited by counsel, upon the oral argument of this appeal, to furnish detailed guidance for the trial court should we reverse the dismissal and remand the case for trial. We judge that this case has not yet properly progressed to a point where all of the controlling facts have been established so that we can ferret out the controlling issues of law. For example, the privity question could very well turn upon a third party beneficiary concept, depending at least to a substantial degree upon subcontracts or sub-subcontracts that probably exist and which the court has not yet seen. See *McCall v. Towne Square, Inc.*, 503 S.W.2d 180 (Tenn.1973), wherein the third party beneficiary concept was applied by this court to a building construction contractual situation. There is also a body of law in this state which holds that the requirement of privity is dispensed with, when it might otherwise be required, if the party seeking to invoke that defense has been guilty of misrepresentation in the matter. *Ford Motor Company v. Lonon*, 217 Tenn. 400, 398 S.W.2d 240 (1966); *Walker v. Decora, Inc.*, 225 Tenn. 504, 471 S.W.2d 778 (1971). It might well be developed in the proof in this case that there were misrepresentations printed and circulated relevant to this roofing material. We cannot so hold, nor could the trial court yet, because there is not a factual determination in this record of the exact nature and cause of this roof failure.

To summarize, we hold that this record will not at this time support the trial judge's holding that this suit must be dismissed as against the roofing material supplier and as against the roofing material manufacturer for want of privity of contract. We have suggested at least two possible theories whereunder it might in time be shown that such ruling was erroneous. We could postulate others, but that is not our proper function. We hold that the trial judge's ruling in this respect is at best premature.

subcontractor * * * (The details of this transaction do not appear, nor do the pleadings

For the reasons hereinbefore set out, the judgment of the trial court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

HENRY, C. J., and COOPER, HARBISON, JJ., and LLOYD TATUM, Special Justice, concur.