**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0450n.06
Filed: July 30, 2008

**No. 07-4150**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**WILLIAM H. MALOOF,**

    Appellant,

**v.**

**LEVEL PROPANE GASSES, INC.,**

    Appellee.

                               /

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO**

**BEFORE:**    **BOGGS, Chief Judge, COLE and CLAY, Circuit Judges.**

    **PER CURIAM.** William H. Maloof ("Maloof") appeals the district court's order affirming the bankruptcy court's imposition of sanctions in the form of attorney's fees and costs to Debtor, Level Propane Gasses, Inc. ("Level"), pursuant to Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. § 1927 (2000). For the reasons that follow, we **AFFIRM** the bankruptcy court's imposition of sanctions.

**I. BACKGROUND**

    On June 6, 2002, various creditors filed involuntary bankruptcy proceedings under Chapter 7 of the Bankruptcy Code against Level, Park Place Management, Inc., The Park Place Companies, Inc., Over-Flo Lot, Inc., Level Energy Group, Inc., and WHM Enterprises, Inc. (collectively, the

"Debtors"). These cases were subsequently consolidated and converted to proceedings under Chapter 11 of the Bankruptcy Code.

On April 30, 2003, the bankruptcy court, on motion from the United States Trustee, ordered the appointment of an examiner, Professor G. Ray Warner (the "Examiner"), for the consolidated Chapter 11 cases. Maloof, Level's principal shareholder and former Chief Executive Officer, had filed an earlier motion for the appointment of an examiner, and that motion was before the bankruptcy court at the same time. In granting the United States Trustee's motion for an examiner, the bankruptcy court denied Maloof's motion as moot. On June 6, 2003, the Examiner submitted his report to the bankruptcy court. Maloof did not file any objections to this report.

Two and one half years later, on January 31, 2006, Maloof filed a motion styled "Motion to Reopen Examiner's Investigation and for Substitute Examiner" (the "Original Motion"). In this motion, Maloof alleged that Debtors had engaged in a systematic campaign of document destruction which compromised Debtors' financial balance sheet and customer records. After conducting an evidentiary hearing, the bankruptcy court denied the motion on June 26, 2006, noting that Maloof had not provided sufficient evidence to support his allegations and finding that Maloof had failed to show cause for reopening the Examiner's investigation or for appointing a new examiner. Maloof did not file any motion for reconsideration or notice of appeal with respect to this ruling.

Instead, on July 12, 2006, Maloof filed a motion styled "Renewed and Reinstated Motion to Reopen Examiner's Report and for Appointment of Substitute Examiner" (the "Renewed Motion"). In this Renewed Motion, Maloof asserted the same allegations and sought the same relief as requested in the Original Motion, but claimed that he had "newly discovered evidence" to justify the

07-4150, *Maloof v. Level Propane*

Renewed Motion. This "newly discovered evidence," however, consisted of e-mails and affidavits that had been previously filed with the bankruptcy court in support of other motions. On August 2, 2006, Level filed a response to Maloof's Renewed Motion along with its own motion seeking sanctions, in the form of attorney's fees and costs, against Maloof for the filing of the Renewed Motion.

On November 28, 2006, after reviewing the alleged "new evidence" presented by Maloof, the bankruptcy court denied the Renewed Motion. The bankruptcy court found that Maloof had failed to present any "meaningful new evidence to support his claims" and thus had not shown sufficient cause for reopening the Examiner's report or for appointing a new examiner. Moreover, the bankruptcy court explicitly noted that Maloof's motion had frustrated the doctrine of finality by "seeking the same relief [that Maloof] has sought [unsuccessfully] on two prior occasions."

Shortly thereafter, on December 7, 2006, the bankruptcy court granted Level's motion for sanctions, finding Maloof's "attempted relitigation" of issues previously decided to be "precisely the sort of conduct proscribed by [28 U.S.C.] § 1927." In particular, the bankruptcy court found "Maloof's repetitive filings relating to the appointment of an examiner" indicative of the fact that he "sought the appointment of an examiner vexatiously, wantonly, and for oppressive reasons." Moreover, the bankruptcy court noted that "Maloof's alleged 'newly discovered evidence' should have been discovered long ago through the exercise of due diligence." Accordingly, the bankruptcy court imposed sanctions on Maloof in the form of attorney's fees and costs relative to the filing of the Renewed Motion, and enjoined Maloof from further requesting an examiner to investigate matters which had previously been examined or adjudicated by the court.

3

Maloof then appealed the bankruptcy court's grant of Level's motion for sanctions to the United States District Court for the Northern District of Ohio. On August 16, 2007, the district court affirmed the bankruptcy judge's imposition of sanctions. This timely appeal followed.

## II. DISCUSSION

### A. Standard of Review

In bankruptcy cases, we "directly review the bankruptcy court's decision, and not the district court's decision below." *Parker v. Goodman (In re Parker)*, 499 F.3d 616, 620 (6th Cir. 2007). We generally review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *Id.*; *accord Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs.)*, 227 F.3d 604, 607 (6th Cir. 2000). A bankruptcy court's decision to impose sanctions pursuant to Rule 9011 and 28 U.S.C. § 1927, however, is reviewed for abuse of discretion. *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 480-81 (6th Cir. 1996); *accord Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 711 (6th Cir. 1999) ("[W]e will not disturb a lower court's findings with respect to sanctions unless a clear abuse of discretion is found."). "An abuse of discretion occurs only when the [lower] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *In re Downs*, 103 F.3d at 480-81 (quoting *United States v. Hart*, 70 F.3d 854, 859 (6th Cir. 1995)) (internal quotation omitted). In other words, we will only find an abuse of discretion when "we are left with the definite and firm conviction that the court below committed a clear error of judgment." *Paschal v. Flagstar Bank*, 295 F.3d 565, 576 (6th Cir. 2002) (quotation marks and citations omitted).

07-4150, *Maloof v. Level Propane*

**B. Analysis**

Federal courts, including bankruptcy courts, have inherent and statutory authority to impose sanctions upon parties for their abuse of the litigation process. *See Rathbun v. Warren City Schools (In re Ruben)*, 825 F.2d 977, 982-84 (6th Cir. 1987). In particular, 28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Likewise, Federal Rule of Bankruptcy Procedure 9011, which is modeled upon Federal Rule of Civil Procedure 11, authorizes a bankruptcy judge to impose sanctions upon an attorney who has filed a motion that was not grounded in fact or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.[1]

---

[1]Specifically, Rule 9011 provides:

(b) Representations to the court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances - -

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary

07-4150, *Maloof v. Level Propane*

*See* Fed. R. Bankr. P. 9011(b)-(c). The test for imposing such sanctions is "whether the individual's conduct was reasonable under the circumstances." *In re Downs*, 103 F.3d at 481; *see also Ruben*, 825 F.2d at 984 ("[T]he standard for section 1927 determinations in this circuit is an *objective* one, entirely different from determinations under the bad faith rule. . . . There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party."). In applying this test, the bankruptcy court should not rely on the benefit of hindsight, but rather should assess the party's conduct by what was reasonable to believe at the time the motion was submitted. *In re Downs*, 103 F.3d at 481 (quoting *McGhee v. Sanilac County*, 934 F.2d 89, 93 (6th Cir. 1991)).

In the instant case, the bankruptcy court imposed sanctions on Maloof because it found Maloof's Renewed Motion to be completely without arguable merit and because it considered the motion to have been filed "vexatiously, wantonly, or for oppressive reasons." We are unable to

---

> support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on lack of information or belief.
>
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
> . . . .

Fed. R. Bankr. P. 9011(b)-(c).

conclude that the bankruptcy court abused its discretion when it imposed sanctions for this reason. As the bankruptcy judge accurately noted, Maloof's Renewed Motion represented his third attempt to get an examiner appointed to address his allegations of document destruction by Debtors. However, rather than raise new legal arguments or present new evidence that might have justified an expectation of a different ruling, Maloof simply alleged the same claims and relied upon the same evidence that the bankruptcy court had already found to be unavailing. Indeed, instead of properly appealing or otherwise challenging the bankruptcy court's earlier rulings on his requests for a new examiner, Maloof sought to inundate the court with new motions requesting the same form of relief that had already been denied. Accordingly, we do not find any basis for concluding that the bankruptcy court abused its discretion in imposing sanctions.

### III. CONCLUSION

For the foregoing reasons, the judgment of the bankruptcy court is **AFFIRMED**.